

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Masephol v. 3M Company, *et al.* | Case No. 3:14-cv-000186-slc |

### Plaintiff's Response to Standard Interrogatories

The answers to these interrogatories are provided by Plaintiff Richard Masephol and Plaintiff's attorneys. Plaintiff incorporates and adopts as part of this response testimony taken in this case and documents provided during discovery in this case.

1. State your (a) full name, (b) your present address, (c) date and place of birth, (d) Social Security number and (e) military serial number, if any.

ANSWER:
   (a)   Richard Masephol
   (b)   ■■■■■ Chili, WI 54420
   (c)   ■■■/1954; Neillsville, WI
   (d)   ■■■-0090
   (e)   N/A

2. State the (a) name and (b) date of marriage of each spouse or former spouse and (c) list names, current addresses, ages and occupations of all children whether adopted or natural, and (d) the names, current addresses and occupations of all persons dependent upon your support, or receiving monetary support from you, within the last five years.

ANSWER:

   (a-b)   Mary Walter, 11/22/1984

   (c)   Katrina L. Masephol, 26 years old
           County Road C., Stratford, WI 54484

   (d)   None

3. State the specific nature of the personal injuries and/or disease which you allege to have sustained as a result of the exposure complained of.

ANSWER:   Asbestos related disease including without limitation Malignant Mesothelioma.

4. State the date on which you first suspected that the injuries and/or disease described in interrogatory 3 was in any way related to being exposed to asbestos and state the reasons for your suspicions.

ANSWER: Plaintiff was first diagnosed with mesothelioma in a pathology report dated January 9, 2014, and signed by Yeping Sun, MD, Ph.D., Ministry St. Joseph's Hospital, Marshfield, WI. Plaintiff was first told he had mesothelioma on January 13, 2014 by Dr. Seth Fagbemi.

5. State the date on which the injuries and/or disease described in Interrogatory 3 were first diagnosed and communicated to you and state further the name and address of the physician, specialist, clinic, hospital, sanitarium or similar institution which first diagnosed said injuries and/or disease. State the manner in which the diagnosis was communicated to you, whether it was written or oral, and if written please attach a copy of that communication to your answers to these interrogatories.

ANSWER: See answers to Interrogatory No. 4.

6. State the names and current or last known addresses of all physicians, specialists, clinics, hospitals and sanitariums which examined you or rendered service or treatment to you for the injuries and/or disease you allege to have sustained as the result of the exposure complained of, and state further the date or inclusive dates on which each of them rendered you service or treatment and the amounts of their respective bills.

ANSWER: Plaintiff does not know or recall all the names. Plaintiff has provided what he knows to his attorneys.

Plaintiff's attorneys state: Physicians include without limitation:

> Dr. Hope Maki
> Cardiovascular Surgery
> Marshfield Clinic
> 1000 N. Oak Ave.
> Marshfield, WI 54449

2

>Dr. Seth Fagbemi
>Department of Clinical Oncology
>Ministry Saint Joseph's Hospital
>Marshfield, WI 54449
>
>Dr. Yeping Sun
>Marshfield Laboratories
>Marshfield Clinic/Ministry Saint Joseph's Hospital
>701 Kalsched Street
>Marshfield, WI 54449
>
>Dr. Muhammad Haleem
>Department of General Internal Medicine
>Marshfield Clinic - Marshfield Center
>Marshfield, WI 54449
>
>Dr. Hedy Lee Kindler
>The University of Chicago Medicine
>5841 S. Maryland Avenue
>Chicago, IL 60637
>
>Additional names of physicians appear in plaintiff's medical records, attached as Exhibit 1.

7. After being informed that you were suffering from an injury and/or disease caused by asbestos, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos, and if so state the nature and description of such activity or occupation, and further state whether your continued participation in such activity or occupation was contrary to medical or professional advice, stating the date on which such advice was given and the identity if the person or entity giving such advice.

ANSWER: Plaintiff did not work with asbestos at the time he was diagnosed. Plaintiff's attorneys state: Exposures to residual asbestos fibers from the Marshfield door plant may have occurred after January 13, 2014 during non work activities. See answers to Interrogatory No. 19.

8. State the name and current or last known address of all physicians, clinics, or hospitals (not listed in interrogatory #6) which have examined you or provided care and treatment within the past ten years and the periods or dates of such.

3

ANSWER: See answers to Interrogatory No. 6. Plaintiff does not recall specific dates or appointments beyond those disclosed in these interrogatory answers.

9. State the name and current or last known address of any physician, hospital, clinic, sanitarium, or other medical personnel (not listed in interrogatory #6) who has ever treated you for pulmonary, cardiovascular, or gastro-intestinal complaints.

ANSWER: See answers to Interrogatory No. 6.

10. From which of the above medical personnel and/or institutions do you or your attorney have written reports?

ANSWER: Plaintiff's attorneys have records from the Marshfield Clinic. See answers to Interrogatory No. 6.

11. Has any immediate blood relative (parents, siblings, children) been diagnosed with a malignant (cancer) condition? If so state who, the nature of the disease, and the age at which it was diagnosed.

ANSWER: My father died of prostate cancer around 1972.

12. State any and all other damages not stated in answers to the above interrogatories which you are claiming as a result of the injuries and/or diseases alleged in the complaint.

ANSWER: Mental anguish, emotional distress, pain & suffering, shortness of breath, diminished enjoyment of life, loss of society and companionship, medical bills. The extent of out of pocket losses and other damage amounts have not been calculated at this time. Further, plaintiff seeks whatever damages allowable by law.

13. State whether you have filed any worker's compensation action and, if so, state the date of filing, the name and number of the cause, the respondent, the name and address of the company insuring the respondent, the claim and policy number, the reason for filing the claim or petition, and the disposition of any such claim.

ANSWER:   Plaintiff's first claim was for blood poisoning in 1973 or 1974. He was carrying a two by four and got a splinter in his arm. Shortly thereafter the vein in his arm became bright red and inflamed over the length of his arm. Plaintiff does not recall the other information requested in this interrogatory, including if he ever collected on this claim.

Plaintiff's second claim was for a hand injury in 2007. Plaintiff's hand was caught between two rollers. No bones broke, but his skin was torn off and he needed to a skin graft. Plaintiff did collect on this claim, but does not recall the amount or any other information requested in this interrogatory.

14. State whether you have ever filed a lawsuit for personal injury or a claim for social security disability benefits, and if so, state the title, the court or claim number, and the reason for each lawsuit or claim, and the disposition of each lawsuit or claim.

ANSWER:   Plaintiff has not filed any lawsuits or social security claims for disability benefits. Plaintiff is currently in the process of filing for social security disability benefits for the first time.

15. State the inclusive dates, if any, during which you were a smoker of tobacco and state further the types of tobacco smoked and the amount consumed daily, and whether you customarily inhaled.

ANSWER:   Plaintiff has never been a regular smoker. Sometimes when he went to bars with friends, plaintiff had an occasional cigarette.

16. Identify in chronological order every employer for whom you have ever worked in the last 40 years. State separately for each such employer:

    (a) the employer's name and address;
    (b) the nature of the employer's business;
    (c) the nature and ending dates of your employment including all periods of employment for that employer;
    (d) your position and responsibilities;
    (e) your rate of pay.

ANSWER:

    (a)-(d)    See attached without limitation Exhibit A and Exhibit B. Exhibit A identifies and includes without limitation known co-workers, employers, foremen, and persons who have information relevant to exposures in settings outside the Marshfield door plant. Exhibit B includes without limitation known work-sites and length of employment.

    (e)    Approximately $17.70 per hour

17. For each of the employers identified in Interrogatory No. 16, identify each and every job site at which you claim to have worked with or around asbestos-containing products.

ANSWER: See answer to Interrogatory No. 19. This does not limit or exclude any exposures to asbestos that are not work-related.

18. For each of the job sites identified in Interrogatory No. 17, state the following:

    (a)    the location of the job;
    (b)    the length of time you worked at that job;
    (c)    your superior or foreman living on that job and his last known address;
    (d)    your co-workers on that job, including the persons who worked with you or at the same job site, and their current or last known addresses. Identify any represented by counsel in asbestos claims.

ANSWER: See answer to Interrogatories No. 16 and No. 19.

19. For each of the job sites identified in Interrogatory No. 17, state the following:

    (a)    the types of asbestos-containing products for which exposure is claimed;
    (b)    the brand name or trade name of the asbestos-containing products for which exposure is claimed;
    (c)    the manufacturers, suppliers and distributors of each asbestos-containing product for which exposure is claimed;
    (d)    the number of times that plaintiff claims to have been exposed to each product.

ANSWER: Plaintiff's attorneys make the following statement of claims being made and subject to proof at trial:

Exposures are claimed to asbestos-containing materials used at the door plant in Marshfield, Wisconsin. Claimed exposures include, without limitation, amosite and chrysotile asbestos fibers which became airborne during fire door

production and cleanup or removal of dust, scrap, and waste. The types of products included mineral door cores and raw fibers.

Owens-Illinois licensed to Weyerhaeuser a process patent for the production of a composite fire door. Weyerhaeuser produced asbestos-containing fire doors at its Marshfield plant following that patent from the 1950s until the late-1960s and may have continued into the 1970s. The door cores plaintiff was making had asbestos at least through 1978. Plaintiff's attorneys state that residual fibers from manufacture of OI patented doors continued to remain in the plant until the mid 1980s. Outside the plant the fibers remained for longer periods.

Weyerhaeuser purchased asbestos-containing door cores from several sources, including without limitation Owens-Illinois (Kaylo), Johns-Manville, and Owens-Corning Fiberglas (Kaylo).

Beginning in the 1960s, Weyerhaeuser began producing its own asbestos-containing door cores. For use in door core production, Weyerhaeuser purchased raw asbestos fibers from several sources, including without limitation North American Asbestos Corporation, U.S. government, and Johns-Manville.

Non-work-related exposures to Marshfield door plant asbestos are claimed to have occurred in various settings, including without limitation, non work related activities at the plant; at home; in and around his vehicles outside the plant; on the way home from work; in the community; and from plaintiff's own person or personal effects, including without limitation asbestos on his skin, in his hair, and on his food or clothes.

Exposures to asbestos are claimed from the time plaintiff was born in 1954 until the time that residual asbestos fibers were removed from the Marshfield door plant or other settings.

20. For each product identified in Interrogatory No. 19, identify the following:

   (a) your coworkers, including persons who worked with you or at the same job site, with knowledge that the product was on the particular job site;
   (b) your coworkers, including persons who worked with you or at the same job site, with knowledge that you actually worked with the particular product.

7

ANSWER: See response to Interrogatory No. 16 for persons who can testify about the Marshfield door plant site and other settings for which exposure is claimed.

21. For each of the jobs sites identified in Interrogatory No. 17, identify the following:

    (a) the name and address of any companies, other than your employer, working with asbestos-containing materials at that job site;
    (b) all trades from which workers were present at that job site.

ANSWER: Plaintiff does not know. Plaintiff's attorneys states: No further companies are known at present. Trades present at the job site include without limitation production workers, maintenance workers, and other personnel as per Weyerhaeuser's job classifications.

22. List any protective or safety devices used or worn by you in the handling of products allegedly manufactured by the defendants and state further the dates used, the job sites where used, the nature of the device, the manufacturer or supplier of the device, and how you used each device in your trade or profession.

ANSWER: Plaintiff worked in the core mill at Weyerhaeuser making asbestos fire doors. At all times in the core mill at Weyerhaeuser beginning in 1973, when plaintiff was first employed in the core mill, plaintiff always wore masks when he was working in the core mill. The masks were made and sold by 3M Company.

Plaintiff did not wear masks or other protective gear when he was not working.

23. State whether you were ever a member of any union and, if so, for each union please state:

    (a) the name and local number of the union;
    (b) the union hall from which you worked;
    (c) the date you joined the union;
    (d) your sponsor in the union;
    (e) if you ever ran for or held office in the union;
    (f) if you ever filed a grievance with any union.

ANSWER:
    (a) Carpenters 1733
    (b) Marshfield, WI
    (c-d) Plaintiff joined the union when he started at Weyerhaeuser, July 16, 1973.

  (e) No.
  (f) Plaintiff once filed a grievance about not getting overtime others were getting overtime with less seniority. Plaintiff does not recall further specifics as to that grievance.

24. Did your labor union or employer advise you to follow certain safety procedures designed to protect you from contracting asbestos related diseases and, if so, state which unions or employers rendered such advice, the nature of such advice, the dates on which such advice was given, and describe any written information or literature discussing asbestos related diseases which was provided you by any such union or employer.

ANSWER: Plaintiff does not remember ever being warned by his union about the dangers of asbestos. Plaintiff understood that his work activities at the Marshfield door plant were not dangerous because he was wearing a paper mask and he believed it would protect him from any dangers associated with the asbestos. There was also dust collection equipment plaintiff believed would protect him. Plaintiff understood that he was required to wear a mask in the core room at times.

25. State the names and current or last known addresses of all persons who ever told you or whom you ever heard state that asbestos fibers or asbestos products could be hazardous to your health.

ANSWER: When the Marshfield door plant was sold, a doctor who plaintiff understood was working for Weyerhaeuser told plaintiff that plaintiff did not need to worry about asbestos unless the asbestos got into the tissue of his lungs, and if that happened, there was no cure. No further details were provided by the doctor. Plaintiff does not remember the doctor's name.

26. State the name, address, telephone number and professional background of each and every person who may be called by the plaintiff to testify to establish a causal relationship between the injuries alleged and the defendants' products. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER: Plaintiff does not know. Plaintiff's attorneys state: Witnesses pursuant Federal Rule of Civil Procedure, Rule 26(a)(2) will be disclosed pursuant to scheduling order when issued.

27. State the name, address, telephone number and professional background of each and

9

every person who may be called by the plaintiff to testify to establish that the defendants' products were defective or unreasonably dangerous. State the facts and opinions to which each will testify and identify the documents on which each relies.

ANSWER: See answer to Interrogatory No. 26.

28. With regard to individuals, if any, named in the previous three interrogatories, state whether or not said individuals have rendered a written report of any kind to the plaintiffs or their attorneys and, if so, state the subject matter contained in said report, the substance of fact and opinions to which the expert is expected to testify, if called, and state a summary of the grounds for each opinion.

ANSWER: See answer to Interrogatory No. 26.

29. State whether you or your attorneys or agents know of the existence of any statements, signed or unsigned, oral, written, or court reported, from or by any person including any person hereto, which has or claims to have knowledge concerning the matter alleged in the complaint, or who was or claims to have been a witness to any part of the exposure alleged by you. If so, please state:

    (a) whether the statement was written, oral, recorded, reported, reported by shorthand, or otherwise preserved;
    (b) the full name of the current or last known address of the person or persons, or entity, which took the statements and the date such statement was made;
    (c) the full name and current or last known address of each person, firm, or entity which has possession of the statement or copies thereof.

ANSWER: Plaintiff objects as to any statements made by clients of Cascino Vaughan Law Offices provided for the clients' own cases and as to interview notes because they are protected under the work product doctrine and protected by attorney-client privilege. Without waiving objections, plaintiff's attorneys state: Testimony in the form of affidavits, declarations, and transcripts has been made in cases concerning the Marshfield door plant. Plaintiff's counsel is preparing a list of such known to plaintiff's counsel and copies which are available to plaintiff's counsel at the present time. Plaintiff also refers defendants to answers to Interrogatory No. 19 and 20.

30. State the name and current or last known address of each and every person who was interviewed by or on behalf of you, your attorneys or agents with respect to the allegations contained in the complaint, stating for each person:

      (a)    the name and current or last known address of the person interviewed, the full name and address of the person's employer at the time of the interview, and the name and current or last known address of the interviewer, as well as the dates of all interviews;

      (b)    whether any notes, records, jottings, memoranda, tape recordings, or statements were ever made of any interviews with that person, and if so, the name and current or last known address of each and every person in custody or control of same.

ANSWER:    Plaintiff objects as to persons interviewed by counsel based on work product privilege. Without waiving objections, plaintiff's attorneys state: See answers to Interrogatories No. 16, 17, 18, 19, 20 and 21.

31.    List or describe each and every object or document, such as directories, catalogs, shipping slips, W-2 forms, tax records, diaries, calendars, invoices, packing slips, materials, publications or lists from whatever source which you used, or your attorneys or agents used, in compiling the names of the defendants in this cause.

ANSWER:    None as of this date.

32.    Do you have any of the following which serve as the basis of this claim in your possession, or in the possession of your attorneys or agents?

      (a)    samples of asbestos materials;
      (b)    packaging from asbestos materials;
      (c)    photographs of your places of employment or products used at your places of employment.
      (d)    photographs of asbestos products or asbestos packaging which are the basis of this claim.

ANSWER:    (a)    Plaintiff does not know. Plaintiff's attorneys state: None to date.
                     (b)    Plaintiff does not know. Plaintiff's attorneys state: None to date.
                     (c)    Plaintiff does not know. Plaintiff's attorneys state: None to date.
                     (d)    Plaintiff's attorneys have photos of asbestos products which have been received in other asbestos cases. These will be made available upon request at the Cascino Vaughan Law Offices ("CVLO") Chicago office.

33.    If, as the result of the alleged illness or illnesses, injury or injuries you claim to have sustained a loss of wages, earnings, income, or profit, state:

      (a)    all dates on which you were unable to work due to the illness of illnesses, injury or injuries;

      (b)    the name and address of your employer at the time you learned of the illness, injury or disease of which you complain;

      (c)    the name and address of each person who recommended that you did not work during such period;

      (d)    the name of any potential employer who refused you work because of any illness or illnesses, injury or injuries allegedly sustained as a result of the exposure;

      (e)    the date or inclusive dates on which you sought work but were unable to work for reasons not related to the illnesses or injuries allegedly sustained as a result of the exposure complained of.

**ANSWER:** Plaintiff is unable to work due to the mesothelioma. He was working for Masonite when he learned of his illness, and he has been on sick leave since learning of his diagnosis. Dr. Hedy Lee Kindler told plaintiff he should no longer be working.

34. If loss of wages, earnings, income, or profit is claimed, state:

      (a)    the total amount of claimed loss and the manner or method of computing same;

      (b)    provide a complete, itemized computation of such claimed loss;

      (c)    the nature and potential source of the lost wages, earnings, income or profit, and the date of the claimed deprivation thereof.

**ANSWER:** Plaintiff does not know at this time. Plaintiff was making approximately $17.00 per hour at the time he was diagnosed. Plaintiff's attorneys state: Loss of wages, earnings, income, profit, and current and future employment benefits, have not been calculated at this time. Weyerhaeuser or Masonite have possession of plaintiff's employment records which are relevant to this answer.

35. State and list all monetary expenses, other than the physician and hospital bills, and any and all other items of damages, which you claim to be a result of the illnesses or injuries you allegedly sustained as a result of the exposure complained of.

**ANSWER:** Plaintiff does not know. Plaintiff's attorneys state: The extent of out of pocket losses and other damage amounts have not been calculated at this time. The out of pocket expenses include without limitation costs of

transportation, food, and lodging to travel for medical care.

36. Identify any claims submitted to bankruptcy trusts or otherwise for the person claiming asbestos exposure in this matter. State which are submitted for a condition diagnosed before the condition which is the subject of the instant case.

ANSWER: Plaintiff's attorneys state: No trust claims have been submitted at this time.

Dated: April 15, 2014

As to statements of counsel and objections only,

*/s/ M P Cascino*

Attorney for plaintiff
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: mcascino@cvlo.com