IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Richard Masephol, <br><br> Plaintiff, <br><br> v. <br><br> Weyerhaeuser Co., et al., <br><br> Defendants. | Case No. 3:14-cv-00186-slc |

**PLAINTIFF'S MOTIONS TO RECONSIDER ORDER DATED 8/22/14 DISMISSING OWENS- ILLINOIS, AND/OR FOR
LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Richard Masephol moves for this Court to reconsider its order dismissing the negligence portion of plaintiff's complaint against Owens-Illinois, Inc. (O-I) with prejudice and without leave to amend pleading as to the negligence claim.

**Legal Standard**

A motion to reconsider may be granted "to correct manifest errors of law or fact." *Publishers Resource, Inc. v. Walker-Davis Publications* 762 F.2d 557, 561 (7th Cir. 1985.)[1]

**Argument**

**I.     The injury in this case was a foreseeable consequence of O-I's actions.**

The Court made a manifest error of law or fact by determining foreseeability did not exist without permitting the fact-finding necessary to make such a determination. Foreseeability is a

---

[1]The court in *Publishers Resource* discussed the standard for motions to reconsider without citing to any Federal Rule of Civil Procedure. To the extent citing a rule is necessary, plaintiff cites to Fed. R. Civ. Proc. 59(e).

fact-intensive inquiry, defined in Wisconsin as follows: "A defendant's duty is established when it can be said that it was foreseeable that his act or omission to act may cause harm to someone. A party is negligent when he commits an act when some harm to someone is foreseeable." *A. E. Investment Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 485 (1974).

O-I's licensing of its patent was an "act or omission" that foreseeably caused harm to plaintiff. Plaintiff should be given an opportunity to further establish foreseeability through the discovery process, determining whether O-I knew of the dangers of asbestos, knew any alternatives to using asbestos in the patented process, or knew of any safe methods to manufacture the door cores using O-I's patented process.

## II.     Owens-Illinois, as a patent licensor, had a duty of reasonable care

O-I knew or should have known that the manufacturing of Kaylo doors by a licensee using O-I's patented technology would incorporate asbestos. This Court ruled that "[a]s a matter of law…plaintiffs cannot state a negligence claim based *only on a party's licensing* of a technology, even if used by the licensee to create a product containing asbestos." *Boyer v. Weyerhaeuser Co*., 14-CV-286-WMC, 2014 WL 4145414 (W.D. Wis. Aug. 22, 2014) (emphasis added). The Court made a manifest error of law or fact in dismissing O-I based on the patent license conduct.

Wisconsin has adopted the minority opinion from *Palsgraf v. Long Island R.R. Co.*, 162 N.E. 99, 103 (N.Y. 1928) that "everyone owes to the world at large the duty of refraining from those acts that may unreasonably threaten the safety of others.*" Hornback v. Archdiocese of Milwaukee*, 2008 WI 98, ¶22, 313 Wis. 2d 294, 752 N.W.2d 862. The issue of negligence, including foreseeablity of harm and what a reasonable person would have done to prevent harm,

cannot be resolved on the pleadings.

Though there is no Wisconsin law about patent licensors, a recent case from the Northern District of Illinois is analogous and instructive. In *Quirin v. Lorillard Tobacco Co.*, 13 C 2633, 2014 WL 585090 (N.D. Ill. Feb. 14, 2014), the plaintiff was diagnosed with mesothelioma following exposure to asbestos on a fleet tanker. The plaintiff subsequently brought a failure-to-warn claim against defendant Crane Co. Crane Co. moved for summary judgment on the grounds that defendant owed no legal duty to the plaintiff, since the Crane Co. did not make or supply the asbestos-containing product, though it did design valves which would contain asbestos. *Quirin,* 13 C 2633, 2014 WL 585090.  In discussing the failure-to-warn claim, the court considered whether Crane Co. was required to warn Mr. Quirin of hazards related to asbestos-containing materials supplied by third parties that were used in connection with Crane Co.'s valves, even though Crane Co. did not make or supply the product. *Quirin,* 13 C 2633, 2014 WL 585090. The plaintiff did produce some evidence that Crane Co.'s product needed asbestos-containing components to function properly for the intended purposes, and Crane Co. was aware of how consumers would use its product. *Quirin,* 13 C 2633, 2014 WL 585090. The district court ruled a reasonable jury could find the facts imposed on Crane Co. a duty to warn the plaintiff about asbestos exposure resulting from using products Crane Co. designed, even though Crane Co. did not supply or manufacture the product. *Quirin*, 13 C 2633, 2014 WL 585090.

Plaintiff's allegations, construed in favor of plaintiff, assert O-I knew that asbestos would be used in its product by pleading O-I's patented design calls for the use of asbestos. "Whenever there is a doubt as to the foreseeability of a particular use, whether the maker should have anticipated such use is an issue of fact." J. Dooley, *Modern Tort Law* (1977) s 32.79. Moreover, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The dismissal of allegations which plead responsibility of OI for design of a product containing asbestos is a manifest error of law.

### III.     Owens-Illinois' duty also stems from supplying Kaylo cores

The court also committed a manifest error of law by not considering the allegations of the role of OI as a supplier of Kaylo cores. (Ex. 1, ¶ 7) The court made no ruling addressing OI's liability as a supplier of the cores. OI's liability as a supplier of cores is a basis for claims sounding in both negligence and strict products. In the alternative, if the court finds plaintiff needs to re-plead this basis for liability with more specificity, plaintiff asks for leave to amend the pleadings.

### IV.     The Court made a manifest error of law or fact by dismissing the negligence claim with prejudice without leave to amend.

Federal Rule of Civil Procedure Rule 15 governs the conduct of the Courts. Rule 15(a)(2) provides that a party should be permitted to amend pleadings when "justice so requires." The Federal Rules instruct courts to "freely grant leave" to amend in those circumstances. Even after a complaint has been dismissed, a court nevertheless has the ability to allow for amendment of the complaint under Rule 15. *Cullen v New York State Civil Service Com.* (1977, ED NY) 435 F Supp 546, 15 CCH EPD ¶7852, *cert den* 483 US 1021, 97 L Ed 2d 764, 107 S Ct 3266. Therefore, the Court erred by dismissing plaintiff's negligence claims with prejudice and without leave to amend.

To the extent the Court determines that plaintiff's pleadings need to be amended to proceed on the theory of negligence, plaintiff asks leave to amend his pleadings. The Supreme Court has stated leave to amend should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

## Conclusion

For the above reasons, plaintiff asks the Court to deny O-I's Motion to Dismiss or, in the alternative, grant plaintiffs leave to amend the pleadings.[2]


Dated: September 19, 2014

s/ Robert G. McCoy
Attorney for Plaintiff

Robert G. McCoy
Michael P. Cascino
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com

---

[2] Plaintiffs' proposed Second Amended Complaint is attached as Exhibit 2.