IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

        Plaintiffs,

v.

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, OWEN-ILLINOIS, CO.,

        Defendants.

OPINION AND ORDER

14-cv-286-wmc

---

RICHARD MASEPHOL,

        Plaintiffs,

v.

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

        Defendants.

14-cv-186-wmc

---

In both of the above captioned cases, this court previously dismissed plaintiffs' claims against defendant Owens-Illinois based on a patent licensing theory, finding that such claims failed as a matter of law, but allowing plaintiffs to re-plead any claims premised on Owens-Illinois' sale of asbestos door cores provided it could plead in good faith that the individual plaintiffs came into contact with those door cores. (8/22/14 Opinion & Order ('286 dkt. #94).) After submitting proposed amended complaints and motions for reconsideration, the court allowed certain plaintiffs in other related cases to proceed on claims against Owens-Illinois on the basis that *those* plaintiffs worked at Roddis, Weyerhaeuser's predecessor, during the time in which Owens-Illinois sold its

Kaylo core to Roddis. Unfortunately for the plaintiffs here, that ruling was of no help since none of them worked at Weyerhaeuser until well after Owens-Illinois ceased manufacturing the doors at issue. Before the court now is a second motion for reconsideration from plaintiffs Masephol and the Boyers, however, contending that the court erred in dismissing their claims against Owens-Illinois based on their respective allegations that "Plaintiff was exposed to Kaylo dust in the 1950s when his parents brought it home on their clothes and in their family car." (Boyer's Second Am. Compl. ('286 dkt. #100-2) ¶ 76; Masephol's Second Am. Compl. ('186 dkt. #90-2) ¶ 66.) For the reasons that follow, the court will grant plaintiffs' motions and allow them to proceed on a claim against Owens-Illinois based on their childhood exposure to Kaylo dust, although the court is skeptical that such an attenuated claim can survive plaintiffs' burden of proving causation, even at the summary judgment stage.

OPINION

The court previously set forth the standard of review for a motion for reconsideration under Rule 59(e). (*See, e.g.*, 11/4/14 Op. & Order ('286 dkt. #116) 4-5.) In the court's decision on plaintiffs' first motion for reconsideration, the court did not appreciate that Boyer and Masephol sought to proceed on a claim against Owens-Illinois based on their respective childhood exposure to asbestos fibers from Kaylo door cores. In light of this oversight -- admittedly influenced by the borderline nature of this claim -- the court will grant plaintiffs' motion and allow each to proceed on a claim against Owens-Illinois limited to this alleged childhood exposure.

The court grants the motion based on the liberal pleading standard of Federal Rule of Civil Procedure 8, though this case certainly pushes the plausibility boundary articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). *See Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (federal courts still operate "on a notice pleading standard; *Twombly* and its progeny do not change this"). While the court remains highly skeptical that plaintiffs will be able to marshal sufficient evidence to support a finding that this alleged childhood exposure to the Kaylo fibers contributed to injuries caused by their direct contact with asbestos fibers as adult employees, that issue remains for another day.

## ORDER

IT IS ORDERED that:

1) Plaintiff Richard Masephol's motion for reconsideration ('186 dkt. #108) is GRANTED; and

2) Plaintiffs Milton and Kathy Boyer's motion for reconsideration ('286 dkt. #117) is GRANTED.

Entered this 2nd day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge