IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

KATHY BOYER, *Individually and as Special Administrator on behalf of the Estate of Milton Boyer*,

                      Plaintiff,                OPINION AND ORDER

  v.

                                               14-cv-286-wmc

WEYERHAEUSER COMPANY,

                      Defendant.
-------------------------------------------------------------------------------------------------------------------------

BRIAN HECKEL, *Individually and as Special Administrator on behalf of the Estate of Sharon Heckel*,


                      Plaintiff,

  v.
                                               13-cv-459-wmc

CBS CORP., GENERAL ELECTRIC CO.,
METROPOLITAN LIFE INSURANCE
COMPANY, and WEYERHAEUSER COMPANY,

                      Defendants.
-------------------------------------------------------------------------------------------------------------------------

DIANNE JACOBS, *Individually and as Special Administrator on behalf of the Estate of Rita Treutel*,

                      Plaintiff,

  v.
                                               12-cv-899-wmc

RAPID AMERICAN CORPORATION, and
WEYERHAEUSER COMPANY,

                      Defendants,

RAPID AMERICAN CORPORATION,

                      Cross-claimant,

  v.

WEYERHAEUSER COMPANY,
                      Cross-defendant.
-------------------------------------------------------------------------------------------------------------------------

KATRINA MASEPHOL, *Individually and as Special Administrator on behalf of the Estate of Richard Masephol*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants.

14-cv-186-wmc

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants.

14-cv-143-wmc

---

JANICE SEEHAFER, *Individually and as Special Administrator on behalf of the Estate of Roger Seehafer*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY,

        Defendant.

14-cv-161-wmc

---

THERESA SYDOW, *Individually and as Special Administrator on behalf of the Estate of Wesley Sydow*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants

14-cv-219-wmc

In each of the above-captioned cases, plaintiffs filed a "motion for reconsideration and clarification regarding February 19, 2016, decision and, alternatively, for leave to amend complaints." (*See, e.g.*, *Boyer*, No. 14-cv-286 (dkt. #470).)  While not all of the bases apply to each of the cases, plaintiffs as a group seek reconsideration of one or more of the following rulings:  (1) the court's grant of summary judgment based in part on defendant Weyerhaeuser's *Daubert* motion as to plaintiffs Jacobs, Masephol and Seehafer; (2) "extending" the exclusivity provision of the Wisconsin's Workers Compensation Act to an employee's take-home asbestos exposure; and (3) the court's grant of summary judgment in Weyerhaeuser's favor on plaintiffs' private nuisance claims.  The court will address each argument in turn, rejecting all as grounds for reconsideration.[1]

OPINION

**I.  Standard**

Given plaintiffs counsel's proclivity for seeking reconsideration, the standard is a familiar one in these cases.  The Federal Rules of Civil Procedure do not contemplate a "motion for reconsideration," but do allow for a motion to alter or amend the judgment

---

[1] Also before the court are defendant Weyerhaeuser's motions to strike the reply briefs plaintiffs filed in support of their motions for reconsideration.  (*See, e.g., Boyer*, '286 dkt. #493.)  Weyerhaeuser contends that the replies:  (1) were unauthorized and, therefore, improper; and (2) also that they raise arguments for the first time.  Given the confusion as to whether a reply was authorized by the court, plaintiffs should have moved for leave to reply given the uncertainty.  Still, the court will not strike plaintiffs' replies on that basis alone.  Defendant is, however, correct that the replies raise new arguments, including a new argument concerning the statute of limitations with respect to a private nuisance claim.  Accordingly, the court strikes the portions of the replies raising new arguments.  Otherwise, the court will deny defendants' motions to strike and has considered plaintiffs' proper arguments replying to defendant's opposition.

pursuant to Federal Rule of Civil Procedure 59(e) if "filed no later than 28 days after entry of the judgment." In five of the above cases, judgment has been entered, and plaintiffs filed their motions for reconsideration within 30 days of entry of judgment in each of those cases. In *Boyer* and *Sydow*, the two remaining cases proceeding to trial on plaintiff's respective public nuisance claim against Weyerhaeuser, the court will also apply the standard of Rule 59(e), consistent with the parties' approach. (*See* Pl.'s Mot. ('286 dkt. #470) 5 (citing Rule 59(e) for all seven cases); Def.'s Opp'n ('286 dkt. #477) 6-7 (describing standard under Rule 59(e)).)

The decision to grant or deny Rule 59(e) relief is entrusted to the district court's sound judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "To prevail on a motion for reconsideration under [Rule 59(e)], the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citation omitted).

Consistent with this standard, Rule 59(e) is not meant to allow the parties "merely to relitigate old matters." *Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). In particular, Rule 59(e) may be used neither to raise novel legal theories that should have been presented earlier, *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995), nor to "provide a vehicle for a party to undo its own procedural failures," *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th

Cir. 2000) (citation omitted). *See also Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999) (Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.") (quotation marks and citation omitted). Indeed, plaintiffs' counsel's repeated filing of motions for reconsideration in an attempt to paper over prior inadequate responses demonstrates the very reason for this standard.

**II. Bases for Reconsideration**

    **A. Grant of Summary Judgment to Weyerhaeuser in *Jacobs*, *Masephol* and *Seehafer***

Plaintiffs seek reconsideration of the court's granting of summary judgment with respect to plaintiffs Jacobs/Treutel, Masephol and Seehafer. For Jacobs/Treutel and Masephol, plaintiff contends that the court erred in its treatment of evidence of those plaintiffs' exposure to asbestos based on family members bringing asbestos home on their work clothing. The court credited both Jacobs/Treutel's evidence of her husband working at the plant and her daughter working in the mineral core area, as well as Masephol's evidence of his father working at the plant. Nevertheless, the court found the evidence insufficient for experts to testify reliably that the exposure from family members constituted a substantial contributing factor either because of limited concentration (*i.e.*, the family member did not work in the department handling asbestos core) or length (*i.e.*, a family member worked in the plant for only a matter of months). (*See* 2/19/16 Op. & Order (dkt. #464) 16-17, 22, 47-50.)

Plaintiff Seehafer also challenges the court's conclusion that his alleged community exposure from delivering milk to a dairy located one or two blocks from the plant, seven days a week, from 1955 until 1967, formed an insufficient basis from which plaintiffs' experts could testify reliably that this alleged exposure substantially contributed to his mesothelioma diagnosis. (*See id.* 47, 49.) Plaintiffs' own expert recognized that there were no studies confirming increased incidence of asbestos-related diseases. (*Id.* at 47.) More specifically, studies suggest some statistically significant, measurable impact on risk of mesothelioma for individuals *residing* within the 1.25 mile zone of risk for a substantial period of time, while the court has been made aware of *no* valid study suggesting a measurable increased risk for regularly driving through such a zone. Absent any supporting epidemiological studies, plaintiffs' experts lacked a reliable foundation from which they could conclude that Seehafer's activities within the zone of risk would expose him to sufficient asbestos emissions to constitute a substantial contributing factor to his mesothelioma diagnosis, even if they may have a sufficient basis to opine that it was *a* contributing factor. For the same reasons explained in the court's summary judgment opinion, plaintiffs' motion effectively ignores the standard for demonstrating that the non-occupational exposure was a *substantial* contributing factor, rather than simply *a* factor. (*Id.* at 50-52.) The court finds no error in its treatment of the record at summary judgment or in its application of the law, including the standards for expert testimony under Rule 702 and *Daubert*.

As part of their motions, plaintiffs also challenge the court's treatment of "substantial contributing factor." Specifically, plaintiffs take issue with the court's

6

reliance on the Seventh Circuit's opinion in *Tragarz v. Keene Corp.*, 980 F.2d 411 (7th Cir. 1992), a case discussing the causation requirement in asbestos cases, albeit applying Illinois law, and in particular the court's consideration of "the frequency, regularity, and proximity of exposure" in determining whether the causation requirement is met. (2/19/16 Op. & Order (dkt. #464) 42-44.) In their motions for reconsideration, plaintiffs direct the court to *Zielinski v. A.P. Green Indus., Inc.*, 2003 WI App 85, ¶ 18, 263 Wis. 2d 294, 661 N.W.2d 491, arguing that the court rejected this test.

While the court in *Zielinski* "declined to adopt a bright-line rule regarding causation for fear of over-simplifying such a complex issue," the court nonetheless noted that "the bright-line tests [are] useful in establishing important factors to be considered." *Zielinski v. A.P. Green Indus., Inc.*, 2003 WI App 85, ¶ 18, 263 Wis. 2d 294, 661 N.W.2d 491. Moreover, the court simply considered those factors in determining whether there was sufficient evidence of significant exposure to support an expert opinion that non-occupational exposures substantially contributed to plaintiffs' injuries. The court sees no error, manifest or otherwise, in this approach.

### B. Workers' Compensation Exclusivity Provision

Plaintiffs' next argument is confusing, to say the least. At the motion to dismiss stage, the court held any claim premised on exposure to asbestos fibers arising out of employment, including exposure to asbestos from fibers that remained on the plaintiff's clothing after leaving the plant, was barred by Wisconsin's Workers Compensation Act's exclusivity provision set forth at, Wis. Stat. § 102.03(2). (*See* 8/12/14 Op. & Order (dkt.

#93) 5-13; *see also* 11/4/14 Op. & Order (dkt. #116) 5-6 (rejecting motion for reconsideration).) Plaintiffs effectively ignored this ruling at summary judgment, submitting evidence of this so-called "take-home" exposure. In its summary judgment decision, the court only considered exposure based on *other* family members taking home asbestos fibers on their clothing, noting its prior decision at the motion to dismiss stage. (2/19/16 Op. & Order (dkt. #464) 26 n.12.) Now, plaintiffs argue that the court erred in failing to "make findings about victim transport evidence discussed in the expert reports." (Pl.'s Mot. (dkt. #470) 19.)

Plaintiffs are correct that the court ignored this evidence. The court's treatment of it, however, was proper, because that evidence concerned occupational exposure, and therefore could not, as a matter of law, support their nuisance claims based on non-occupational exposure. To the extent plaintiffs are challenging the court's legal determination, plaintiffs already filed a motion for reconsideration, which was rejected. Their most recent motion, coming some 21 months after this court's original holding, is simply untimely. Even if that ship had not already sailed, the court sees no merit in the challenge for reasons already thrice explained.

### C. Private Nuisance Claim

The court granted summary judgment to defendant on plaintiffs' private nuisance claim, finding that plaintiffs failed to respond to defendant's argument that such a claim required a current property right or possessory interest. (2/19/16 Op. & Order (dkt.

8

#363) 58-59.) In failing to respond, plaintiffs waived any opposition. (*Id.* (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).)

In their motion for reconsideration, plaintiffs argue that by merely citing the Restatement (Second) of Torts § 821 and a lone case, *Milwaukee Metro. Sewage Dist. v. City of Milwaukee*, 2005 WI 8, 277 Wis. 2d 635, 691 N.W.2d 658, they somehow responded to this argument. Not so. Plaintiffs utterly failed to develop any response to defendant's argument for summary judgment on their private nuisance claims. Even now, with the benefit of plaintiffs' motion to reconsider, the court is hard-pressed to see how these two citations oppose or undermine defendant's argument.

Neither the Restatement nor the case cited state that a possessory interest need *not* be current. Absent such a statement, the court finds no basis for concluding that the summary judgment opinion disregarded or misapplied controlling precedent. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" (citation omitted)).

In addition to arguing that they did not waive their opposition, plaintiffs also now direct the court to a case that purportedly undermines the requirement for a current possessory interest. (Pl.'s Mot. (dkt. #470) 22 (citing *Northridge Co. v. W.R. Grace & Co.*, 205 Wis. 2d 267, 556 N.W.2d 345 (Ct. App. 1996)).) Putting aside the issue of plaintiffs' failure to explain what prevented them from bringing this case to the court's attention on a timely basis at summary judgment, the case actually concerns whether a *defendant* must have a current possessory interest in the source of the nuisance for a

9

plaintiff to bring such a claim, which for obvious reasons is an entirely different question. Once again, because reconsideration is only warranted where the court disregards, misapplies or otherwise fails to recognize controlling precedent, *Oto*, 224 F.3d at 606, plaintiffs have wholly failed to meet their burden.

In the alternative, plaintiffs seek to amend their complaints to add a negligence claim instead of a nuisance claim. As defendant explains in great detail, plaintiffs originally filed negligence claims but, for whatever reason, abandoned those claims in favor of nuisance claims. (Def.'s Opp'n (dkt. #477) 18 & n.13.) Rule 59(e) does not "provide a vehicle for a party to undo its own procedural failures." *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citation omitted).

Moreover, in five of the above-cited cases, judgment has been entered. "It is well-settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) and 60(b) has been made and the judgment has been set aside or vacated." *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992). In light of the court's rejection of all of plaintiffs' bases for reconsideration, there is no reason for the court to set aside the judgment and allow plaintiffs to start fresh with a new claim.

As for plaintiffs Boyer and Sydow, they fail to offer any reason for their delay in seeking leave to amend, other than the statement that they did not know they would need to pursue a negligence claim until their private nuisance claims were dismissed. That is not how litigation works. Discovery is closed; summary judgment has already been determined; and the trial in Boyer is less than one week away, with the trial in

Sydow commencing the following month. It is simply too late and too prejudicial to allow these plaintiffs to add a new claim, especially one which plaintiffs previously asserted but then abandoned.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motions for reconsideration (*Boyer*, '286 dkt. #470; *Heckel*, '459 dkt. #328; *Jacobs*, '899 dkt. #284; *Masephol*, '186 dkt. #534; *Prust*, '143 dkt. #376; *Seehafer*, '161 dkt. #354; and *Sydow*, '219 dkt. #491) are DENIED.

2) Defendant Weyerhaeuser's motions to strike plaintiffs' briefs in reply (*Boyer*, '286 dkt. #493; *Heckel*, '459 dkt. #336; *Jacobs*, '899 dkt. #292; *Masephol*, '186 dkt. #542; *Prust*, '143 dkt. #384; *Seehafer*, '161 dkt. #362; and *Sydow*, '219 dkt. #500) are GRANTED IN PART AND DENIED IN PART.

Entered this 5th day of May, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge